UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALONZO FEARS, JR., )<br>)<br>Petitioner, )<br>v. )<br>)<br>RICHARD BROWN, )<br>)<br>Respondent. ) | Case No. 2:13-cv-00111-WTL-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Alonzo Fears, Jr. for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 12-10-0019. For the reasons explained in this Entry, Fears' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On October 10, 2012, mailroom clerk Miles Thompson wrote a conduct report charging Fears with attempting to traffic, A111/A113. The conduct report stated:

> On 10/09/12, routine inspection was made of incoming mail going to Alonzo Fears 174837. Concealed within the mailed material I found the below listed contraband and confiscated the mailed material per policy. The mailed material was addressed to Alonzo Fears 174837 at PO Box 1111 of WVCF.
>
> Had Offender Alonzo Fears 174837, been successful in obtaining the mailed material, the contraband listed below would have entered the facility where it could be used, sold, traded, etc., thereby breaching the safety and security of the facility and placing offenders and staff in peril. The contraband found in this instance was as follows: Green leafy substance which appeared to be marijuana, concealed within the letter. This substance was field tested and tested positive for Marijuna (sic) with a gross weight of 2.6 grams.
>
> The offender named in this charging document was in violation of the ADPP A111/113 in that he conspired, attempted to conspire, aided or abetted with another to traffick via the US Mail.

Photographs of the marijuana wrapped in foil and the envelope in which it was found were attached to the conduct report as Exhibits A 2-4.

On October 15, 2012, Fears was notified of the charge and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He requested no witnesses or evidence.

A hearing was conducted on October 16, 2012. The hearing officer found Fears guilty of the charge. In finding Fears guilty, the hearing officer considered the conduct report, the statement of the offender, the field test report, the notice of action taken on correspondence, and photographs. Fears' statement was "I think someone is setting me up. I didn't have anything to do with this. This is stupid. I don't use the phone." Based on the evidence, the hearing officer found Fears guilty.

Fears was sanctioned with a written reprimand, a 1 month loss of commissary privileges, an earned credit time deprivation of 45 days, and a demotion in credit class from 1 to 2. These sanctions were imposed because of the seriousness of the offense and the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Fears appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C.  Analysis

Fears asserts the following claims: 1) there was not sufficient evidence to find him guilty; 2) the finding of guilt lacked due process and consisted of cruel and unusual punishment because it was based on no evidence; and 3) the charge of attempted trafficking requires "planning" which he never did.

Each of Fears' claims is, in essence, that there was insufficient evidence to support the finding of guilt. He argues that he was charged based on "someone else's stupid actions." He contends that because there was no evidence, the finding of guilt violated his due process rights.[1] He also asserts that the evidence does not support a finding that he planned to traffic, and therefore, there is not sufficient evidence to support the charge.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability

---

[1] Fears' reference to "cruel and unusual punishment" refers to the protections afforded by the Eighth Amendment to the Constitution. The only claim that can be advanced in this habeas corpus case is due process. Therefore, the phrase "cruel and unusual punishment" is misplaced in this action.

beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted).

Contrary to Fears' contentions that there was "no evidence," the mail that would have been delivered to him from the mailroom contained marijuana. Although Fears argues that he did not "plan" to traffic, the lenient standard required under these circumstances supports an inference that he did in fact have something to do with attempting to traffic by virtue of the mail being addressed to him. The hearing officer could reasonably conclude from the content of the conduct report, the field test evidence, and the photographs that Fears was guilty of attempting to traffic. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Fears' claims based on insufficiency of the evidence fail.

To the extent that Fears' claim concerning the "planning" element of the charge relies on provisions of the Adult Disciplinary Procedures ("ADP") or state law, relief is not available in this action. Habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas

review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Fears was given notice of the charge and had an opportunity to defend the charge. Fears made his statement denying any involvement in the incident. The hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. As noted above, there was sufficient evidence in the record to support the finding of guilt. The alleged violation of state law or the ADP did not violate due process.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Fears' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/17/2013

Distribution:

Alonzo Fears, Jr.
No. 174837
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

All electronically registered counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana